I Judge MIRIAM G. WALTZER.
Allstate Insurance Company and its insured appeal a judgment denying their exception of improper venue.
FACTS
This suit arises out of an automobile accident at the intersection of Vallette and Eliza Streets on the west bank in Orleans Parish. On 6 November 2000, the plaintiff, Sean Johnson, was standing next to her 1995 Pontiac Grand-Am, on Vallette Street. As the plaintiff removed her daughter from the rear seat of her vehicle the relator, Albert Schmitt, backed out of a driveway allegedly at an excessive rate of speed striking the plaintiffs vehicle allegedly causing injury to the plaintiff and her daughter.
On 6 November 2001, the plaintiff filed suit in First City Court for the Parish of Orleans. On 17 December 2001, the rela-tors filed a dilatory exception of improper venue.
On 31 January 2002, the plaintiff filed a motion to transfer her case from First City Court of Orleans Parish to Second City Court of Orleans Parish. On 27 February 2002, the relators filed an amended exception of improper venue. On 27 _JjMarch 2002, the trial court rendered a judgment dismissing the plaintiffs motion to transfer after the plaintiff voluntarily requested the dismissal of her motion.
On 14 May 2002, after a hearing the trial court rendered a judgment denying the relators’ exception of improper venue.
DISCUSSION
The relators argue the trial court erred in not sustaining their exception of venue, where the proper venue for an accident occurring on the west bank of the Mississippi River in Orleans parish is Second City Court.
*1147 The Louisiana Constitution of 1921[1] Art. 7 Sec. 91 provides in part:
The territorial jurisdiction of the first city court embraces all that part of the city of New Orleans on the left bank of the Mississippi River.
LSA-R.S. 13:2151.4(A) provides:
There shall be a Second City Court of the city of New Orleans on the right bank of the Mississippi River, composed of one judge. Its territorial jurisdiction shall embrace that portion of the city of New Orleans on the right bank of the Mississippi River.
LSA-C.C.P. art. 4851(B) provides:
The rules of venue provided in Articles 41 through 45, 71 through 79 and 121 through 124 apply to suits brought in city court, except that where these articles use the word “parish” it shall be construed to mean the territorial jurisdiction of the city court.
LSA-C.C.P. art. 76 provides in part:
An action on any other type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled.
|3The trial court erred in denying the relators’ exception of venue. The plaintiff admits the accident occurred on the west bank of Orleans Parish. Venue is improper in First City Court of Orleans Parish. In the instant case the loss occurred on the west bank of Orleans Parish, the territorial jurisdiction of the Second City Court.
CONCLUSION
The trial court erred in denying relators’ exception of venue. We reverse the judgment of the trial court granting defendants’ exception of venue.

WRIT GRANTED. REVERSED.

McKAY, J., concurs in the result.

. We rely on the 1921 Constitution in light of Article 5, Section 15 of the 1974 Louisiana Constitution.